CAMPBELL, Chief Judge,
concurring in part and dissenting in part.
With one exception, I agree with and concur in what my colleagues in the majority have said and in the disposition they have directed. I write to express my exception and dissent only on the issue of whether the father was estopped from asserting that his written consent was necessary before his child could be adopted.
The minor child sought to be adopted was born out of wedlock on February 24, 1987. The petition for adoption was filed on May 8,1987, and did not make reference to the father or his consent or lack of consent to the petition, nor did the petition allege any reason for not doing so. The petition is completely silent as to the natural father of the child except for the affidavit of the natural mother attached to the petition. That affidavit states the sex and date and place of birth of the minor child. The natural mother also states in the affidavit:
That it is my decision to not divulge the name of the Natural Father.
That the Natural Father and I have never been legally married, that he has never contributed any financial support to me during this period, that he has not paid any of the doctor bills nor will he pay the hospital bills or any of the other medical bills incurred as a result of this pregnancy.
The father was not served with the petition for adoption. The petition does not comply with the requirement of section 63.-112(1)(h), Florida Statutes (1985), in that it does not state “[t]he name and address, if known, of any person whose consent to the adoption is required, but who has not consented, and facts or circumstances that excuse the lack of consent.”
To allow the adopting parents and the natural mother (a minor herself) of a child born out of wedlock to circumvent the natural father’s (also a minor) potential rights and the requirements of section 63.112(1)(h) simply by an affidavit of the natural mother, stating “[t]hat it is my decision to not divulge the name of the Natural Father,” is to me so lacking in fundamental fairness that, in comparison, the lack of compliance with the natural father’s statutory or due process rights pale into insignificance. Even if I could agree that a natural parent could be “estopped” (except for that “estoppel” that grows out of an “abandonment” as recognized by section 63.072, Florida Statutes (1985)) from asserting the necessity of written consent, I could never condone an “estoppel” that grows out of the procedures that were employed here by the adoptive parents and the natural mother.
Moreover, I do not believe the legislative scheme that permits a court to waive or to excuse the written consent of a natural parent contemplates a waiver or excuse on any grounds other than desertion or abandonment of the child by the nonconsenting natural parent as is specifically provided in section 63.072. I can perceive no better example for the operation of the maxim “expressio unius est exclusio alterius” than is contained in the language and provisions of section 63.072, setting forth the basis upon which a court may excuse or waive a required written consent to adoption. In regard to a competent natural parent whose parental rights have not been judicially terminated, section 63.072(1) provides only that consent of such parent may be excused or waived when the parent “has deserted a child without affording means of identification or who has abandoned a child.”
I, therefore, concur with my colleagues that this case should be reversed and remanded for further proceedings and findings on the question whether the father abandoned his child after the birth of the child. I dissent from that portion of the majority opinion that would allow the trial court to consider the issue of “estoppel” or any reason other than abandonment to excuse or waive the father’s written consent.